UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Chad Underwood**, an individual,
on behalf of himself and those
similarly-situated,

      Plaintiff,

v.

**Timber Cannabis Co. LLC**,
a Domestic Limited Liability Company,
**Stash Ventures, LLC**, a Domestic
Limited Liability Company, and **Scott
Moorehead**, Individually,

      Defendants.

Case No. 2:24-cv-12161
Hon. Matthew F. Leitman

_____/

## ORDER APPROVING SETTLEMENT AGREEMENT

Came on to be considered Plaintiff, Chad Underwood's Unopposed Motion to Approve Settlement Agreement, and the Court having reviewed the motion, the exhibits thereto, and any argument of counsel is of the opinion that it should be and hereby is **GRANTED**.

It is therefore **ORDERED** as follows:[1]

The Settlement Agreement is APPROVED, including the distribution to Plaintiff

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as defined in the Settlement Agreement

and the other budtenders covered by the settlement, service award to the Named Plaintiff, and Plaintiff's attorneys' fees, except the Parties have agreed the $1,000.00 of litigation expenses sought by Plaintiffs' counsel will instead be paid toward the cost of the settlement administrator to which the Parties have agreed, and the Parties have agreed that the distribution will be based not on the total workweeks of each budtender, but rather the total hours worked of each budtender. The Court approves these changes to the Agreement as fair and reasonable.

The releases and other terms contained in the Settlement Agreement and its exhibits, including the revised Notice attached as Exhibit A to this Order are fair, just, reasonable, and adequate as to Plaintiff and the other budtenders covered by the settlement.

The revised Notice form attached as Exhibit A to this Order, is authorized to be sent to the budtenders covered by the Settlement Agreement, by the claims administrator agreed upon by the Parties.

Plaintiff and the budtenders who participate in the settlement by cashing their checks are bound by the waiver and release and other terms in the Settlement Agreement and the release language on the checks and shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or any forum any action based on any released claim against Defendants, jointly and individually, and others as set forth in the

Settlement Agreement and the release language on the checks.

Neither this Order nor any aspect of the settlement or Settlement Agreement is to be construed or deemed an admission of liability, culpability, or wrongdoing on the part of Defendants. The parties to the Settlement Agreement entered into the Settlement Agreement with the intention to avoid further disputes and litigation with the attendant risk, inconvenience, and expenses.

This case and all claims asserted in this case by Plaintiff are DISMISSED WITH PREJUDICE, and the Clerk shall enter final judgment dismissing the action with prejudice, as to Plaintiff and budtenders who participate in the settlement as set forth in the Settlement Agreement with each party to bear its own costs and fees, except to the extent otherwise expressly provided in the Settlement Agreement, having the fullest res judicata effect. This Court intends this Order to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

                                            s/Matthew F. Leitman
                                            MATTHEW F. LEITMAN
                                            UNITED STATES DISTRICT JUDGE

Dated:  June 20, 2025

# **EXHIBIT A**

# NOTICE OF SETTLEMENT

*Chad Underwood, on behalf of himself and those similarly situated v. Stash Ventures LLC d/b/a Timber Cannabis Co. and Scott Moorehead*, Case No. 5:24-cv-12161-MFL-APP (E.D. Mich.).

**You are entitled to a payment from a lawsuit.**
*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

**You are receiving this Notice because you worked as a budtender for** one or more workweeks at Defendants' retail store locations in Michigan operating under the brand name **Timber Cannabis between January 1, 2024, and November 2, 2024**.

The purpose of this Notice is to inform you about a settlement of a lawsuit ("Lawsuit") under the Fair Labor Standards Act ("FLSA") against the Defendants Stash Ventures LLC d/b/a Timber Cannabis Co. and Scott Moorehead. Your rights and options—and the deadlines to exercise them—are explained in this Notice. The Court in charge of this case has approved the settlement.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **To join the settlement**<br><br>**CASH THE CHECK** | If you choose to be included in the settlement, all you need to do is deposit or cash the enclosed check. |
| **To stay out of the settlement**<br><br>**DO NOTHING** | If you do not want a payment or other benefits from this settlement and you want to retain the right to sue these Defendants on your own about any of the wage claims that were settled in this Lawsuit, then do not deposit or cash the enclosed check. By doing nothing, you give up the possibility of getting money from the settlement of this lawsuit. |

## BASIC INFORMATION

**1. Why did I get this notice?**

You are receiving this Notice because Defendants' records show that you worked as a budtender for one or more workweeks in Michigan at Defendants' retail store locations operating under the brand name Timber Cannabis ("Timber") between January 1, 2024,

and November 2, 2024. This Lawsuit is known as *Chad Underwood, on behalf of himself and those similarly situated v. Stash Ventures LLC d/b/a Timber Cannabis Co. and Scott Moorehead*, Case No. 5:24-cv-12161-MFL-APP (E.D. Mich.). The Court has authorized the contents of this Notice.

### 2. What is this Lawsuit about?

Chad Underwood ("Plaintiff"), a budtender employed by Defendants, filed the Lawsuit in the U.S. District Court for the Eastern District of Michigan on behalf of himself and all other similarly situated individuals under the FLSA. Specifically, the Lawsuit alleges that Defendants denied Plaintiff and other budtenders proper compensation by withholding customers' tips. This settlement is not an admission of liability by Defendants, and in fact, Defendants deny the allegations in the Lawsuit.

### 3. Why is there a Settlement?

The Court did not issue a final judgment in favor of Plaintiff or Defendants. In other words, the Court did not decide which side was right or wrong. Instead, the parties entered settlement negotiations and reached a settlement agreement with the assistance of an experienced mediator. In order to avoid the burden, expense, inconvenience, and uncertainty of continued litigation, the parties have concluded that it is in their best interests to resolve and settle the action by entering into a settlement agreement. Both sides believed they would have prevailed in the case, but there was no final decision ruling in favor of either party because both sides agreed to a settlement.

### 4. How do I participate and how long do I have to decide?

You can participate in the settlement by depositing or cashing the enclosed check(s). You have 60 days following your receipt of the enclosed check(s) to deposit or cash them. If you lose or damage the check(s) during that 60-day period, you can contact Plaintiffs' Counsel (identified in Section 8 below) to request that a replacement check(s) be issued. Any reissued replacement check(s) will be valid for 60 days after its issuance.

### 5. What does the Settlement provide?

Because it is impossible to know which claims would have been successful, the amount of damages owed (i.e., the amount of disgorged tips earned by Budtenders), if any, that would have been awarded to each budtender, and/or whether a full award of liquidated damages would have been owed, the settlement payment amounts are based an allocation formula established by Plaintiffs' Counsel to determine the reasonableness of the Settlement Fund. The recovery period is January 1, 2024, through November 2, 2024. January 1, 2024, is when Defendants' policy of withholding tips from Budtenders

allegedly began. November 2, 2024, is the date that Defendants claim they changed the policies about which Plaintiff complained.

In order to calculate the settlement amounts, Defendants provided available data regarding the tips received by each store, which accounted for about 61% of the weeks at issue. The total net settlement (after fees, costs, and service awards are deducted) equals about 120% of the total tips alleged to be withheld over the entire 308 days at issue. So the amount you are receiving in the attached check represents your share of approximately 120% of the estimated total tips collected during the time period at issue, based on the number of hours you worked for Defendants. The total is allocated to the wage claims (backpay) and will have withholdings, and 50% is allocated to claims for potential penalties, and will not have withholdings.

The settlement monies allocated as backpay will be reported to the IRS for tax purposes on a W-2 form, while the remaining monies will be reported to the IRS for tax purposes on a 1099-MISC form. Neither Plaintiffs' Counsel nor Defendants make any representations concerning tax consequences of this settlement, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

Plaintiff and Plaintiffs' Counsel determined the settlement allocations were fair after considering a number of factors including, litigation risk with respect to Defendants' defenses, litigation risks at trial and on appeal, and the uncertainty regarding any good faith defenses Defendants may have to an award of liquidated damages.

| 6. What am I giving up? |
|---|
| If you cash your check, then your claim will be dismissed with prejudice and you will fully release and discharge Defendants and their respective agents, current or former parent companies, officers, employees, attorneys, insurers, representatives, predecessors, successors, owners, members, managers, directors, affiliates, heirs, assigns, other related entities, and the Individual Defendant (collectively the "Released Parties") from all federal and state law wage and hour claims asserted, or which could have been asserted, in the Lawsuit relating back to the full extent of the applicable federal, state, and local law statutes of limitations and continuing through the date of final court approval of the settlement. Released claims include any and all manner of actions, causes of action, suits, accounts, claims, demands, controversies, judgments, obligations, damages and liabilities for unpaid wages of any nature whatsoever, under federal, state or local laws, whether or not now known, suspected or claimed, that were asserted, or could have been asserted by the individuals covered by this Action. The waiver and release of claims above also includes all unpaid wages, related fines, |

penalties, interest, liquidated damages, and statutory damages, as well as all claims for attorneys' fees, costs and expenses against Defendant Timber, and its parents, subsidiaries, affiliates, business units, members, shareholders, and their predecessors and successors, officers, directors, agents, employees and assigns and Defendant Moorehead.  This means that you cannot sue or be party to any other lawsuit against Defendants regarding the state or federal wage and hour claims that were brought or could have been brought in this case. By endorsing your signature on and cashing your settlement check, you will opt into the FLSA claims in this case and the resolution of the Lawsuit.

| 7. | Where do I find more information? |
|---|---|

The Court has decided that Plaintiffs' Counsel, Angeli Murthy and Ertis Tereziu of Morgan and Morgan, are qualified to represent the Plaintiff and you. These lawyers are called "Plaintiffs' Counsel."

The address and contact information for Plaintiffs' Counsel for the Parties is:

Angeli Murthy, Esq., B.C.S
Florida Bar No. 88758
Morgan & Morgan P.A.
8151 Peters Rd., 4th Floor,
Fort Lauderdale, FL, 33324
(954) 327-5369
amurthy@forthepeople.com

Ertis Tereziu (P84911)
Morgan & Morgan, P.A.
2000 Town Center, Ste. 1900
Southfield, MI  48076
(248) 739-1953
etereziu@forthepeople.com

**PLEASE DO NOT CONTACT THE COURT OR THE JUDGE WITH ANY INQUIRIES.**

| 8. Can Defendants retaliate against me? |
|---|

No. It is unlawful for Defendants to retaliate against you for cashing your check or otherwise participating in the Lawsuit. Defendants helped to draft this Notice, and want you to cash your check and participate. They agree that the settlement is fair and reasonable, and encourage your participation. If you have any concerns about retaliation, please contact Plaintiffs' Counsel, so they can notify Defendants and clear up any potential issues or misunderstandings.